UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 05-085-DCR |
| V. | ) ) | |
| WILLIAM MICHAEL BURK, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant William Burk has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). [Record No. 47] He asserts that his sentence would be significantly reduced if sentenced today in light of the First Step Act. Therefore, he asks the Court to construe that disparity as an "extraordinary and compelling" justification for a sentence reduction. On May 14, 2024, the undersigned entered an Order directing the United States to respond to Burk's motion. [Record No. 48] In its response, the United States requests the motion be denied because Burk has failed to exhaust his administrative remedies. [Record No. 49]

Burk's motion was filed using form AO 250: *Pro-Se Motion for Compassion Release*. [Record No. 47] Part II of that form bears the heading "**EXHAUSTION OF ADMINISTRATIVE REMEDIES**" and notes the following:

> 18 U.S.C. § 3582(c)(l)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

- 1 -

[*Id.* at 2] The form also directs prisoners to "include copies of any written correspondence to and from the Bureau of Prisons related to [the] motion, including [any] written request to the Warden and records of any denial from the Bureau of Prisons." [*Id.*] Despite this clear instruction, Burk indicated that he did not request compassionate release from the warden and explained his inaction by noting: "Not Required." [*Id.*]

The requirement that prisoners exhaust their administrative remedies before seeking judicial intervention is not jurisdictional in nature. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Instead, it is a mandatory claim-processing rule—one which "bind[s] the courts only when properly asserted and not forfeited." *Id.* (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam). Because the United States has raised the issue of exhaustion, a reply from Burk is not needed to resolve his request.[1] Accordingly, it is hereby

**ORDERED** that Defendant Burk's Motion for Compassionate Release [Record No. 47] is **DENIED**.

Dated: May 30, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] The United States has verified with the Bureau of Prisons that Burk has not made a request at the local level. [*See* Record No. 49-1.]